**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mertis WASHINGTON,
Defendant–Appellant.**

No. 88–1908.

United States Court of Appeals,
Sixth Circuit.

Argued June 15, 1989.

Decided July 26, 1989.

Robert Haviland, Asst. U.S. Atty. (argued), Flint, Mich., for U.S.

Charles A. Grossman (argued), Pool & Grossman, Flint, Mich., for Mertis Washington.

Before KENNEDY, GUY, and NORRIS, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant, Mertis Washington, appeals from his conviction for operating an illegal gambling business under 18 U.S.C. § 1955(a). Defendant argues that the Michigan gambling statutes prohibiting private lotteries which provide the basis for his federal conviction under section 1955(a) are arbitrary and unreasonable and thus violate the Fourteenth Amendment of the United States Constitution. Defendant also charges that Michigan's prohibition of competition in the lottery business violates the Sherman Antitrust Act. 15 U.S.C. § 1 *et seq.* We find no merit to defendant's

arguments and therefore affirm the judgment of the District Court.

18 U.S.C. § 1955 prohibits the operation of any gambling business in violation of "the law of a State or political subdivision in which it is conducted" if the business involves five or more persons and has either been in "substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day." Defendant was indicted under section 1955 for operating a private lottery contrary to the Michigan gambling laws. *See* Mich.Comp.Laws Ann. §§ 750.301 & 750.372 (West 1968). Although the operation of private lotteries in Michigan is a crime, the state of Michigan itself operates a substantial state-wide lottery business. *See id.* at § 432.1 *et seq.*

Defendant moved to dismiss the indictment based upon the alleged unconstitutionality of the Michigan laws prohibiting private lotteries. After reserving the right to appeal his conviction upon denial of the motion to dismiss, defendant entered a conditional guilty plea. The District Court denied defendant's motion and sentenced defendant to four and one-half years incarceration and imposed a fine of $50,000.

■ Defendant argues that his due process rights were violated because his federal conviction rests upon Michigan's "arbitrary and unreasonable" statutes criminalizing private lotteries. He asserts that Michigan's operation of a state-supported lottery renders Michigan's criminal laws against private lotteries "arbitrary anachronisms without purpose," and thus any conviction based upon them denies him substantive due process. We disagree.

Due process requires that "the legislative means must bear 'a reasonable relation to a proper legislative purpose' and be 'neither arbitrary nor discriminatory.'" *United States v. Stuebben*, 799 F.2d 225, 229 (5th Cir.1986) (quoting *Nebbia v. New York*, 291 U.S. 502, 537, 54 S.Ct. 505, 516, 78 L.Ed. 940 (1934)). Michigan's statutes banning private lotteries satisfy the requirements of due process. Despite public acceptance of state-wide lotteries and the state's sponsorship and promotion of them, the state's decision to ban private lotteries remains reasonable. The enactment of gambling laws is clearly a proper exercise of the state's police power in an effort to promote the public welfare. In holding that Puerto Rico had a substantial governmental interest in prohibiting local advertising of casino gambling, the Court in *Posadas de Puerto Rico Assoc. v. Tourism Co.*, 478 U.S. 328, 106 S.Ct. 2968, 92 L.Ed. 2d 266 (1986) recognized:

> that "[e]xcessive casino gambling among local residents ... would produce serious harmful effects on the health, safety and welfare of the Puerto Rican citizens, such as the disruption of moral and cultural patterns, the increase in local crime, the fostering of prostitution, the development of corruption, and the infiltration of organized crime." Brief for Appellees 37. These are some of the very same concerns, of course, that have motivated the vast majority of the 50 States to prohibit casino gambling. We have no difficulty in concluding that the Puerto Rico Legislature's interest in the health, safety, and welfare of its citizens constitutes a "substantial" governmental interest. *Cf. Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 54, 106 S.Ct. 925, 932, 89 L.Ed.2d 29 (1986) (city has substantial interest in "preserving the quality of life in the community at large").

*Posadas*, 478 U.S. at 341, 106 S.Ct. at 2976–77. Michigan's decision to permit a state lottery but prohibit private lotteries is neither an unreasonable nor arbitrary exercise of that police power. *See, e.g., Parkes v. Judge of Recorder's Court*, 236 Mich. 460, 466–67, 210 N.W. 492 (1926). It is rational for the Michigan legislature to choose to attack only the dangers presented by private lotteries (such as cheating, fraud, and particularly the involvement of organized crime). *Cf. United States v. Dakota*, 666 F.Supp. 989, 998 (W.D.Mich.1985), *aff'd*, 796 F.2d 186 (6th Cir.1986). Michigan's sponsorship of a state lottery does not vitiate the state's legitimate objections to private lotteries. *See Parkes*, 236 Mich. at 470, 210 N.W. 492 ("It is true that the legislature is not exclusively the judge of what is necessary to protect the health, morals and welfare of the citizens. But, concerning those matters, it inherently

must have a very large discretion."). The Michigan statutes banning private lotteries do not violate due process. *Cf. Stuebben*, 799 F.2d at 229.

Defendant also challenges the Michigan statutes banning private lotteries as violative of the Sherman Antitrust Act. 15 U.S.C. § 1 *et seq.* Defendant claims that the Michigan gambling statutes violate the Sherman Act because they prevent any competition with the state-run lottery. The Sherman Act, however, applies only to the acts of individuals, combinations of individuals, or corporations. Thus, "where a restraint upon trade or monopolization is the result of valid governmental action, as opposed to private action, no violation of the [Sherman] Act can be made out." *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 136, 81 S.Ct. 523, 528–29, 5 L.Ed.2d 464 (1961); *Parker v. Brown*, 317 U.S. 341, 350–51, 63 S.Ct. 307, 313–14, 87 L.Ed. 315 (1943). In this instance, the state of Michigan is immune from suit under the Sherman Act because regulation and administration of the state lottery is "an act of government which the Sherman Act did not undertake to prohibit." *Parker*, 317 U.S. at 352, 63 S.Ct. at 314.

Accordingly, the judgment of the District Court is AFFIRMED.